NOT DESIGNATED FOR PUBLICATION

No. 113,885

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRY B. CLEATON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed February 2, 2018. Affirmed in part and reversed in part.

*Joanna Labastida*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., HILL, J., and WALKER, S.J.

PER CURIAM: Terry B. Cleaton contends there is insufficient evidence to convict him of driving under the influence of alcohol and the law making it a crime to refuse to submit to a breath test is unconstitutional. He is wrong about the evidence but he is correct about the law. Accordingly, we affirm his conviction for driving under the influence and reverse his conviction for refusing to submit to a breath test.

1

*This was submitted to the court upon agreed facts.*

The stipulated facts are in the record and need not be repeated here, as the parties are bound by their submission to the court. Highly summarized, the facts show that on December 21, 2013, while Cleaton was driving his van near the intersection of Central and Hillside in Wichita, a Wichita police officer saw Cleaton's van crash into a dark colored SUV. The SUV stopped, but Cleaton did not. The officer pursued Cleaton.

Down the road, the officer eventually stopped Cleaton. At that point, Cleaton told him that he did not have a valid driving license and he was not paying attention before the crash because he was on the phone. The officer smelled alcohol coming from Cleaton and noticed that his eyes were bloodshot and watery.

Two other police officers came to assist. The first officer smelled alcohol coming from Cleaton, so he asked him to step out of the van. The officer also noticed Cleaton's bloodshot and watery eyes. Cleaton admitted having a few drinks. While conversing with the officer, Cleaton's speech was slurred and he kept repeating what the officer was saying. The officer noted that Cleaton was having trouble with routine movements and was unsteady while standing. Cleaton submitted to field sobriety tests. He failed both.

The arresting officer advised Cleaton of his rights through a DC-70 implied consent advisory. He then asked Cleaton to submit to an evidentiary breath test. Cleaton refused.

The State charged Cleaton with driving under the influence of alcohol, alleging that he was incapable of safely operating a motor vehicle under K.S.A. 2013 Supp. 8-1567(a)(3) and refusing to submit to a test to determine the presence of drugs or alcohol under K.S.A. 2013 Supp. 8-1025(a)(2). Cleaton waived his right to a jury trial and

submitted the case to the district court on stipulated facts. The district court found Cleaton guilty of both charges.

The district court sentenced Cleaton to 12 months in custody followed by 12 months' supervision and a $2,500 fine for the driving under the influence conviction and 12 months in custody and a $2,500 fine for the refusal to submit to a test. The sentences are consecutive. The court ordered Cleaton to serve 72 hours in jail followed by six months of work release.

To us, Cleaton argues there was not sufficient evidence to convict him of driving under the influence. For such claims, we review the evidence in a light most favorable to the State to see whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. See *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). During our review, we will not reweigh the evidence, nor will we judge the credibility of witnesses. *State v. Hall*, 292 Kan. 841, 859, 257 P.3d 272 (2011). Also, when a case was decided on stipulated facts, as it was here, the appellate court exercises de novo review over sufficiency of the evidence claims. *State v. Dull*, 298 Kan. 832, 840, 317 P.3d 104 (2014).

*There is sufficient evidence proving driving under the influence.*

The State's burden was clear. Essentially, the State had to prove that Cleaton was driving his van and he was under the influence of alcohol to the extent that he was not capable of safely driving the van.

First, the facts clearly show that Cleaton was operating his van. After all, the police stopped Cleaton's van after the accident and Cleaton was in the driver's seat.

Second, the facts also support a conclusion that Cleaton was under the influence of alcohol. Two officers stated that they smelled alcohol coming from Cleaton and he had bloodshot and watery eyes. Cleaton was unsteady on his feet and failed the field sobriety tests. Additionally, Cleaton admitted that he had consumed alcohol prior to driving. These facts are sufficient to conclude that Cleaton was under the influence of alcohol. See *State v. Anderson*, 33 Kan. App. 2d 607, 610-11, 106 P.3d 89 (2005).

Third, the facts also show that Cleaton was under the influence of alcohol to the extent that he was incapable of safely operating a vehicle. The details of the accident are pertinent to this point. Prior to the crash, Cleaton was heading north on Hillside and waiting to make a left turn to proceed west on Central. The SUV was headed south on Hillside. While inspecting Cleaton's van, the arresting officer noted that the driver's-side headlamp appeared to be broken and there was a paint transfer on the bumper. Based upon the relative location of the vehicles and the damage that Cleaton's van sustained, it is fair to conclude that the collision occurred while Cleaton was turning his van. In other words, his van struck the SUV. From this demonstration of impaired motor skills—improper turning—it is a fair inference that Cleaton was incapable of safely operating a vehicle due to alcohol.

Ultimately, each element of K.S.A. 2013 Supp. 8-1567(a)(3) is supported by the facts. Thus, there is no error in convicting Cleaton for driving under the influence.

*Cleaton's conviction for refusing the breath test must be reversed.*

In *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016), *aff'd on rehearing* 306 Kan. 682, 396 P.3d 711 (2017), our Supreme Court ruled that K.S.A. 2014 Supp. 8-1025 violated the Fourth and Fourteenth Amendments to the United States Constitution and was facially unconstitutional. We are duty bound to follow Kansas Supreme Court precedent, unless there is some indication the Supreme Court is departing from that

4

precedent. *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946 (2012). Neither party shows us any such indication nor do we find any sign that the Supreme Court is departing from its holding in *Ryce*. Therefore, K.S.A. 2013 Supp. 8-1025 is unconstitutional, and Cleaton's conviction for refusal to submit to a breath test must be reversed.

We affirm Cleaton's conviction for driving under the influence. We reverse his conviction for refusing the breath test.